IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| RC PROFESSIONAL SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-359C |
| | ) | ( Judge Wheeler) |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER**

For its answer to plaintiff's complaint, defendant, the United States, admits, denies, and alleges as follows:

**A. PARTIES[1]**

1. Denies the allegations contained in the first clause of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations contained in the second clause of paragraph 1 are conclusions of law for which no response is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits that on August 17, 2004, the United States Army Corps of Engineers requested sealed proposals for an indefinite quantity, indefinite delivery contract with fixed unit prices for emergency temporary roof repairs for homes and buildings damaged by Hurricane

[1] For clarity, defendant includes in its answer the headings plaintiffs included in their amended complaint. Defendant does not believe that a response to these headings is necessary or appropriate. However, if the Court concludes that a response to these headings is required, defendant denies the allegations contained in these headings.

Charley.

5. Admits.

6. Admits the allegations contained in paragraph 6 to the extent they are supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent they are supported by the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits.

9. Admits the allegations contained in paragraph 9 to the extent they are supported by the amendment to the solicitation cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Denies.

11. Admits.

12. Admits.

13. Admits the allegations contained in paragraph 13 to the extent they are supported by the pricing schedule cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 13.

14. Admits the allegations contained in paragraph 14 to the extent they are supported by the modification cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 14.

15. Admits that work under the contract was "assigned" by way of Rights of Entry;

avers that work was "authorized" by task order; denies the remaining allegations contained in paragraph 15 regarding "the procedures in place" for a lack of knowledge or information sufficient to form a belief as to what plaintiff means by the phrase.

16. Admits the allegation in paragraph 16 that "[c]oncurrent with the issuance of [rights of entry], each contractor was to be provided with Government issued plastic in 20 x 100 rolls (2000 sq. ft); denies the remaining allegations contained in paragraph 16.

17. Denies the allegation in paragraph 17 that plaintiff received a verbal notice to proceed "concurrent" with the contract award; denies the remaining allegations contained in paragraph 17.

18. Admits that plaintiff was issued a verbal notice to proceed on August 24, 2008; denies the remaining allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to the truth.

19. Denies the allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits the allegation contained in paragraph 20 that plaintiff was directed by the contracting officer to cease work until it provided the United States Army Corps of Engineers with a performance bond equal to $500,000 and a payment bond equal to $1,000,000; denies the remaining allegations contained in paragraph 20.

21. Denies.

22. Denies the allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Denies the allegations contained in paragraph 23 for lack of knowledge or

information sufficient to form a belief as to their truth.

24. Denies the allegation in paragraph 24 that plaintiff "was not permitted to return to work by the COE until it entered into a subcontract arrangement with a larger mainland-based firm"; denies the remaining allegations contained in paragraph 24 for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. Denies the allegations contained in paragraph 26 for lack of knowledge or information sufficient to form a belief as to their truth.

27. Denies.

28. Denies the "contracting officer's on-site representative" confirmed that plaintiff "had done some $500,000 worth of work"; denies the remaining allegations contained in paragraph 28 for lack of knowledge or information sufficient to form a belief as to their truth.

29. Denies the allegations contained in paragraph 29 except to the extent they are supported by the letter cited, which is the best evidence of its contents.

30. Denies the allegations contained in paragraph 30 except to the extent they are supported by the letter cited, which is the best evidence of its contents.

31. Denies the allegations contained in paragraph 31 for lack of knowledge or information sufficient to form a belief as to their truth.

32. Denies.

33. Admits.

34. Admits that on May 17, 2007, an attorney for the United States Army Corps of

Engineers sent a copy of the final decision by mail to plaintiff's counsel; denies the remaining allegations contained in paragraph 34 for lack of knowledge or information to form a belief as to their truth.

35. The allegations contained in paragraph 35 are conclusions of law to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

36. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred, either in whole or in part, because they were not proximately caused by defendant's actions but were proximately caused by the actions of third parties over which defendant had no control.

2. Plaintiff's claims are barred, either in whole or in part, to the extent they seek payment for work performed after the contracting officer's August 30, 2004 stop-work order, because any work done by or on behalf of plaintiff after that order was unauthorized.

WHEREFORE, defendant requests that the Court enter judgment in its favor, dismiss the complaint, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

s/ Anuj Vohra
ANUJ VOHRA
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 353-0521
Facsimile: (202) 305-7644

Attorneys for Defendant

OF COUNSEL:

SHELDON G. SHUFF
Assistant District Counsel
Jacksonville District
United States Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, FL 32207

September 12, 2008

CERTIFICATE OF FILING

I hereby certify that on the 12th day of September, 2008, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Anuj Vohra